UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILED
ASHEVILLE, N. C.

JUN 2 8 2005

U.S. DISTRICT COURT
W. DIST. OF N. C.

DARCI ANN O'NEILL, )
 )
       Plaintiff, )
 )
vs. ) CIVIL ACTION NO. 1:04CV68
 )
HENDERSON COUNTY HOSPITAL )
CORPORATION d/b/a MARGARET R. )
PARDEE MEMORIAL HOSPITAL, and )
GAYLE SAMS, )
 )
       Defendants. )

## CONSENT PROTECTIVE ORDER

The parties to this case having acknowledged that various documents produced during the course of this litigation will contain confidential business and personal information including, but not limited to, confidential business arrangements, and confidential, private, medical and financial information, and the parties having consented and agreed to the entry of this discovery Order pursuant to Fed. R. Civ. P. 26(c), and for good cause shown, it is hereby stipulated and agreed by and between Plaintiff and Defendants, by and through their undersigned counsel, and ORDERED as follows:

    1. As used in this Order, the following words and phrases shall have the following meanings:

    (a) "Outside counsel" means a firm of attorneys with other clients in addition to a party hereto, none of whose members

60387

or associates are employees, officers, directors, or stockholders of a party hereto, or are involved in any of the competitive decisionmaking of a party hereto, and whose offices are not located in the premises of a party hereto;

(b) "Independent expert" and "independent consultant" mean a person who is not an employee, officer, director, or stockholder of a party; and

2. Any testimony, discovery responses or other material considered to be confidential under this Order, including depositions in which any confidential document is referenced or used, may be classified as confidential material by the party producing the same by notifying in writing the party or parties for whom it is produced of a claim of confidentiality with respect thereto at or prior to the time of such production. Whenever feasible, all documentary and other tangible material claimed to be confidential shall be marked to indicate that it is designated as confidential material by the producing party. Placing the stamp "CONFIDENTIAL" on the first page of a document when it is produced shall constitute compliance with this requirement and shall designate the entire document as confidential. Copies, extracts, summaries, notes, and other derivatives of confidential material shall also be deemed confidential and shall be subject to the provisions of this Consent Protective Order.

In addition to testimony, discovery responses, and documents designated "CONFIDENTIAL," any party may designate any testimony, discovery responses, and documents "CONFIDENTIAL - ATTORNEYS' EYES ONLY." When documents contain this restriction, the parties intend and hereby agree that said documents will only be reviewed by attorneys for the parties and not by any other persons associated with or by said attorneys, the parties, or their assistants, consultants or experts.

3. If a party, through inadvertence, produces any confidential material without labeling or marking or otherwise designating it as such in accordance with the provisions of this Consent Protective Order, the producing party may give written notice to counsel for the receiving party that the document or thing produced constitutes confidential material pursuant to this Consent Protective Order and should be treated as such. Disclosure of such material prior to such notice shall not be deemed a violation of this Consent Protective Order; however, counsel for the receiving party, upon receiving such notice, shall undertake reasonable efforts to retrieve all copies of the confidential material that may have been disclosed, and to label all copies of the confidential material as set forth above.

4. If Defendant Sams discloses any financial information, such information is confidential and Plaintiff shall keep all documents and information relating to Defendant Sams' finances or

attempts to obtain financing confidential and/or for Plaintiff's attorneys' eyes only until this case is put before the jury.

5. Portions of depositions referencing confidential material upon oral or written questions may be classified as confidential either by an examining party's attorney or by an attorney defending the deposition. A party claiming confidentiality for a portion of a deposition shall give notice of such claim of confidentiality to the other parties represented at the deposition either prior to, during, or after the deposition, and the testimony taken and the transcript of such portion of deposition shall be designated as confidential material. If the parties represented at a deposition so stipulate, the confidential portion shall be transcribed and bound separately from the non-confidential portion of such deposition.

6. (a) All confidential material and all information contained in or revealed through confidential material, or through oral statements containing confidential material (herein referred to as "confidential information") may be used only for purposes of this litigation, and specifically shall not be used or referred to, directly or indirectly, (1) for any business or competitive purpose, or (2) in any advertising or in any material disseminated to any person not authorized to receive confidential material and information under the terms hereof. Any person to whom the disclosure of any confidential material or information is made

60387

shall not, directly or indirectly, use, disclose or disseminate, or attempt to use, disclose or disseminate any of the same except as expressly provided herein.

(b) Except for internal use by outside counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to confidential material or information shall make any copies, reproductions, transcripts or facsimiles of the same or any portion thereof.

7. Except as otherwise expressly provided herein, confidential material and information shall be revealed only as follows:

(a) To the Court and Court staff.

(b) To outside counsel for a party hereto, provided that outside counsel who are not of record first sign and deliver to counsel of record for other parties a letter verifying that the outside counsel agree to be bound by the terms and conditions of this Consent Protective Order before being exposed to any confidential material or information.

(c) To secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the case.

(d) To court reporters transcribing a deposition, hearing or other proceeding in this matter.

60387

(e) To the parties to this action, including supervisors and managers of corporate parties, provided, however, that any document(s) marked "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall not be disclosed or revealed to any non-producing parties.

(f) Confidential material or information may be revealed to independent experts and independent consultants retained by counsel in good faith to assist in the preparation, settlement or trial of this case only if the following conditions are complied with: A party hereto who proposes to reveal confidential material or information to any independent expert or independent consultant shall at least five (5) days before revealing any confidential material or information to such person notify counsel of record for all other parties of the name, address, and employer or other occupational affiliation of such person and shall provide all other counsel of record with a copy of the Statement of Confidentiality attached hereto as Exhibit A, which will be signed by the consultant verifying that the consultant agrees to be so bound. If an objection is raised by the producing party to the disclosure of confidential material or information to any designated independent expert or consultant based on the expert's or consultant's affiliation with a party or based on the good-faith belief that the expert or consultant would have an economic motivation to use the confidential material or information in competition with either or both of the parties by performing services similar to those offered

by either of the parties, and if the parties are unable to resolve the objection, any party may request that the Court do so and no such disclosure shall be made until after the objection is resolved.

8. In the event that any party hereto desires to make a substitution of attorneys, the proposed new counsel for such party shall, prior to being substituted as attorneys in this action, be provided with a copy of this Consent Protective Order and agree to be bound by the terms thereof.

9. In the event a party hereto deems it necessary that this Consent Protective Order be modified, upon a showing of good cause the Court shall have the power to:

(a) foreclose access to any confidential material or information, in whole or in part, to any person;

(b) order that material or information classified as confidential shall be freed from any or all of the provisions hereof;

(c) modify this Order so that any confidential material or information may be disclosed to additional specified persons; and

(d) make any other modification hereof which justice may require.

10. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any

60387

confidential material or information.

11. Confidential material and information subject to the terms of this Consent Protective Order shall, when not in use, be stored in areas of the offices of the counsel and others possessing the same where persons not in the employment or service of the possessor are unlikely to obtain access to the material or information.

12. Within sixty (60) days of the final event terminating this litigation, such as a voluntary or involuntary dismissal with prejudice, entry of judgment and exhaustion of appeals, or final settlement and release of all claims, or sooner if so ordered by this Court, counsel for each party shall return to counsel for the party who furnished the same (or shall supervise and certify the destruction of) all items constituting, containing or reflecting the other party's confidential material **or** information, as well as all copies, extracts, summaries, notes, and other derivatives thereof, provided, however, that counsel for each party may retain one set of the case pleadings, filings, discovery (<u>other than</u> copies, extracts, summaries, notes, and other derivatives of customer or supplier lists), and correspondence for their files. Provided, further, that any expert consultant(s) retained by counsel for purposes of this action and who are subject to the terms of this Order may retain one sealed copy of all of their reports prepared in this matter, including the portions of those

reports that may contain excerpts or confidential material or information. The sealed reports shall have a copy of this Consent Protective Order permanently affixed to the outside of the envelope or other container in which the reports are sealed.

13. Neither the termination of this action nor the termination of the employment, engagement or agency of any person who had access to any confidential material or information shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of any confidential material or information disclosed pursuant to this Consent Protective Order.

14. The restrictions set forth in this Consent Protective Order shall not apply to information which (a) is obtained by a non-disclosing party from sources other than a disclosing party, (b) is in the public domain at the time of disclosure as evidenced by a written document, (c) becomes part of the public domain through no fault of the receiving party, or (d) can be shown by the receiving party to have been lawfully in its possession at the time of the disclosure as evidenced by a written document.

15. In designating material confidential, the producing party will make such designation only as to that material which it in good faith believes to contain confidential material. Nothing herein shall preclude the parties from raising any available objection or seeking any available protection with respect to any

60387

confidential material, including, but not limited to, the grounds of the admissibility of the evidence, materiality, trial preparation materials, and privilege.

16. This Order shall not prevent counsel of record from using any documents obtained and considered to be confidential hereunder in motions, affidavits or other pleadings or in open court. However, in order for any material filed with the court to remain under seal, an order must first be obtained from the Court.

17. This Order is presented to the Court for entry in the above-captioned matter. This Order shall also serve as a stipulation and agreement between the parties and shall be effective immediately upon signature by counsel for the parties.

SO ORDERED this 28th day of June, 2005.

_____
United States District Court Judge

**Consented to and agreed:**

| ATTORNEY FOR DEFENDANTS | ATTORNEY FOR PLAINTIFF |
|---|---|
| Karen M. Tyner<br>Ford & Harrison LLP<br>Post Office Box 5398<br>Spartanburg, SC 29304<br>Telephone: (864) 542-8612<br>Fax: (864) 542-8612 | Joy McIver<br>Adams, Hendon, Carson, Crow & Sanger, P.A.<br>Asheville, NC 28802<br>Telephone: (828) 252-7381<br>Fax: (828) 252-5018 |

# EXHIBIT A

## STATEMENT OF CONFIDENTIALITY

By signing this document, I hereby certify that I have read the Consent Protective Order submitted to the Court in *Darci Ann O'Neill v. Henderson County Hospital Corporation d/b/a Margaret R. Pardee Memorial Hospital, and Gayle Sams*, filed in the United States District, Western District of North Carolina, Asheville Division; Civil Action No. 1:04CV68. I understand the contents of the Order and agree to abide by its contents by not disclosing such confidential information to anyone other than counsel or their paraprofessional and clerical staff.


DATE: _____          _____

60387